UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TERI L. MARTIN                          :
                                        :
        v.                              :        C.A. No. 11-484S
                                        :
LAW OFFICES                             :
HOWARD LEE SCHIFF, P.C.                 :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a Report and Recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant Law Offices of Howard Lee Schiff's Motion to Dismiss Plaintiff Teri L. Martin's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Document No. 5). Plaintiff opposes the Motion. (Document No. 7). A hearing was held on June 28, 2012. For the reasons discussed below, I recommend that Defendant's Motion to Dismiss be DENIED.

**Background**

Plaintiff filed this class action lawsuit on October 21, 2011 seeking damages, costs, attorneys' fees and equitable relief against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et. seq. Defendant is a debt collector within the meaning of the FDCPA. Id. ¶ 4. Defendant's headquarters is in East Hartford, Connecticut. (Document No. 1 ¶ 4). Plaintiff is a Rhode Island resident. Id. ¶ 3.

In 2006, while a resident of Oklahoma, Plaintiff defaulted on credit card payments to Capital One Bank ("Capital One"), and that debt became delinquent in November 2006. (Document No. 1 at ¶¶ 3, 6). Capital One is incorporated in Virginia, and its credit card agreement includes a choice-

of-law provision designating Virginia as the governing law.  Id. ¶ 24.  The choice-of-law provision

states, in part, that "[t]he agreement is to be construed in accordance with and governed by the laws

of the United States of America and by the internal laws of the Commonwealth of Virginia without

giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction

other than the laws of the United States of America or the internal laws of the Commonwealth of

Virginia to the rights and duties of the parties.  The Agreement is made in Virginia.  It will be

governed only by Federal law and Virginia law...."  Id. ¶ 24.

        This dispute first contacted Rhode Island in 2010, when Defendant filed a debt-collection

lawsuit in Kent County Superior Court on behalf of its client Capital One against Plaintiff entitled

Capital One Bank (USA), NA v. Teri L. Martin, KC-10-1561.[1]  Id. at ¶ 5; Document No. 7-1 at p.

1.  This class action lawsuit contends that Defendant routinely files collection lawsuits, such as the

2010 case filed against Plaintiff, with knowledge that the applicable statute of limitations has

expired.  (Document No.  1 at ¶ 7).  Plaintiff specifically contends that the Rhode Island Superior

Court lawsuit filed against her violated 15 U.S.C. §1692 because it was filed with knowledge that

it was time-barred under Virginia's three-year statute of limitations.  Id. ¶ 7.  In particular, Plaintiff

asserts that Defendant was aware that the statute of limitations had expired prior to filing the suit on

behalf of Capital One in Rhode Island Superior Court and that Defendant falsely represented the

legal status of the debt as available for collection through litigation.  Id. ¶¶ 8, 9, 10.

        Plaintiff maintains that Virginia substantive law applies to her claims, but recognizes that the

Court must employ choice-of-law rules including Rhode Island's borrowing statute in order to

_____

[1]  Under the FDCPA, 15 U.S.C. § 1692i(a)(2), a creditor such as Capital One generally must sue a debtor in
his or her state of residence.  Thus, in 2010, Capital One could not have commenced the underlying collection action
in either Virginia or Oklahoma.

determine the applicable statute of limitations.  Id. ¶¶ 24-25.  Rhode Island has a ten-year statute of

limitations for contract actions, whereas Virginia has a three-year statute of limitations for unwritten

contract claims, and a five-year statute of limitations  for written contract claims.  See R.I. Gen.

Laws § 9-1-13(a); Va. Code. §§ 8.01-246(2) and 8.01-246(4).  Employing both Rhode Island's

borrowing statute, R.I. Gen. Laws § 9-1-18, as well as the "interest-weighing" approach established

by Rhode Island's case law, Plaintiff contends that Virginia's  limitations period applies to her

claims.  She therefore contends that the Rhode Island Superior Court lawsuit commenced by

Defendant in 2010 was untimely.  Defendant, on the other hand, asserts that the "entire premise of

the Complaint" is flawed because Rhode Island's ten-year statute of limitations applied to the

underlying collection action and thus this case should be dismissed.

**Standard of Review**

Under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to

the plaintiff, see Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); taking all

well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see

Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68

F.3d 1443, 1446 (1st Cir. 1995).  If under any theory the allegations are sufficient to state a cause of

action in accordance with the law, the motion to dismiss must be denied.  Vartanian v. Monsanto

Co., 14 F.3d 697, 700 (1st Cir. 1994).

While a plaintiff need not plead factual allegations in great detail, the allegations must be

sufficiently precise to raise a right to relief beyond mere speculation.  See Bell Atl. Corp. v.

Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S.

41, 44-45 (1957)).  "The complaint must allege 'a plausible entitlement to relief' in order to survive

a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1ˢᵗ Cir. 2008) (quoting Twombly,

550 U.S. at 559).  See also Ashcroft v. Iqbal, 556 U.S. 662, 679 ("[w]hen there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they plausibly

give rise to an entitlement to relief").  The Court of Appeals has cautioned that the "plausibility"

requirement is not akin to a "standard of likely success on the merits," but instead, "the standard is

plausibility assuming the pleaded facts to be true and read in a plaintiff's favor." Sepulveda-Villarini

v. Dep't of Educ. of Puerto Rico, 628 F.3d 25, 30 (1ˢᵗ Cir. 2010).

### Discussion

### A.      Choice of Law

In McBurney v. The GM Card, 869 A.2d 586, 589 (R.I. 2005), the Rhode Island Supreme

Court reviewed a choice-of-law provision in a credit card agreement and held that parties to such a

contract are permitted to agree as to which jurisdiction's law will apply to their agreement.  The

Court stated, "[a]s a general rule, parties are permitted to agree that the law of a particular

jurisdiction will govern their transaction." Id.  In the present case, the choice-of-law provision in

the credit card agreement is clear that the substantive law of Virginia applies to the interpretation and

application of the credit card agreement's terms.

While it is clear that Virginia substantive law applies to the credit card agreement, the narrow

and unresolved issue before the Court is the dispute regarding the applicable procedural law, i.e., the

statute of limitations.  The resolution of that issue is not as clear-cut.  The choice-of-law provision

in the credit card agreement does not contain any language dictating a choice of forum or a choice

of procedural rules or statute of limitations.  Thus, this Court must employ a choice-of-law analysis

and choose between the Rhode Island ten-year limitations period, R.I. Gen. Laws § 9-1-13(a), the

three-year period provided under Virginia law for unwritten contract claims or the five-year period for written contract claims under Virginia law.[2]  VA Code Ann. § 8.01-246 (2012).

For purposes of this Motion, however, the factual issue of whether the credit card agreement in issue is a written or unwritten contract cannot be decided in the context of this Rule 12(b)(6) Motion.  In paragraph 33 of the Complaint, Plaintiff alleges that "[t]he contract between Capital One and [he] is not a complete and concluded agreement between the parties since many terms were left open as the Plaintiff used the credit card agreement [and it] is considered an unwritten contract" subject to Virginia's three-year limitations period.  (Document No. 1, ¶ 33).  Under Rule 12(b)(6), the Court must construe the Complaint in the light most favorable to Plaintiff and accept her well-pleaded allegations, such as this one, as true.  Further, in any event, there is simply no evidentiary record regarding the totality of the agreement and course of dealings between Plaintiff and Capital One which would presently allow the Court to weigh in on this factual issue.[3]

### 1.      The "Interest-Weighing" Approach

Defendant's Motion comes down to a choice-of-law regarding the applicable statute of limitations between Virginia and Rhode Island.  Rhode Island, unlike the "substantial majority of jurisdictions in this country," does not automatically apply the statute of limitations of the forum state.  Harodite Indus. v. Warren Elec. Corp., 24 A.3d 514, 535 (R.I. 2011).  Instead, a Rhode Island Court must engage in an "interest weighing" approach when confronted with a choice-of-law

---

[2]  Oklahoma law mirrors Virginia with respect to the statute of limitations.  It provides a three-year limitations period for unwritten contract claims and a five-year limitations period for written contract claims.  See Okla. Stat. § 95.

[3]  The Virginia Attorney General opined in a 2011 "Official Advisory Opinion" that credit card agreements governed by Virginia law are written contacts for purposes of the statute of limitations, so long as at least one document referencing and incorporating the other in a series is signed by the cardholders and such documents contains all essential terms.  See Va. Atty. Gen. Opinion No. 10-128; 2011 WL 565650 (Va. A.G. Feb. 7, 2011).

question.  Id. at 534; see also Woodward v. Stewart, 243 A.2d 917 (1968).   In short, the interest-weighing approach requires a court to "look at the particular case facts and determine therefrom the rights and liabilities of the parties 'in accordance with the law of the state that bears the most significant relationship to the event and the parties.'" Cribb v. Augustyn, 696 A.2d 285, 288 (R.I. 1997) (citation omitted).

The Harodite Court outlined the "policy considerations" that must be considered in making this choice-of-law determination.  The factors include (1) predictability of results; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law.  24 A.3d at 534.  The Court went on to note that several other factors could be considered in a tort case, including the place of injury, the place where the conduct which caused the injury occurred, the residence or place of business of the parties and the "place where the relationship, if any, between the parties is centered." Id.  Though this is not a tort action, these various factors are nonetheless instructive to the Court's consideration of the appropriate statute of limitations in this case.

Plaintiff points the Court to the first factor, predictability of results, as paramount to determining the applicable limitations period under the interest-weighing approach. (Document No. 7-1 at pp. 21-22).  Plaintiff argues that Capital One has a "nationwide pool of credit card consumers" and that it would be difficult and  unpredictable to determine the statute of limitations on a case-by-case, state-by-state basis.  Likewise, Plaintiff contends that a uniform application of Virginia's limitations period in all states where Capital One issues credit cards would maintain interstate order and fulfill the credit card companies' desires for "national uniformity in the application of the terms and conditions of their credit cards." Id. at pp. 23-24.   Plaintiff also contends that the uniformity

and predictability of applying Virginia procedural law would simplify the judicial task.  Finally, in conclusory fashion, Plaintiff claims that Rhode Island's interests would be better protected by the (shorter) Virginia statute of limitations and that Virginia supplies the better rule of law.

Defendant claims that the credit card agreement was breached while Plaintiff was a Rhode Island resident, and that the application of Rhode Island's statute "is completely proper and expected by the consumer." (Document No. 5 at p. 10).  Defendant's argument belies the Complaint, in which Plaintiff asserts that she was a resident of Oklahoma when her debt became delinquent, and only moved to Rhode Island after she was already delinquent under the card agreement.  (Document No. 1 at pp. 3, 6).

After considering the arguments and weighing the interests as I am required to do, I find Virginia prevails as the state with the greater interest.  The credit card agreement was made in Virginia and includes a Virginia choice-of-law provision.  Additionally, Capital One is a Virginia corporation, and any economic loss suffered by Capital One upon Plaintiff's default occurred  in Virginia.  Finally, the predictability of results also weighs in favor of applying the Virginia limitations period.  On the other hand, Plaintiff is a Rhode Island resident, but she only became a resident after the debt in question became delinquent.  She apparently was living in Oklahoma when she stopped making payments.  Plaintiff's subsequent residency here provides the only tangible tie to this forum.  Thus, there is nothing to indicate that either party expected Rhode Island law to apply to a dispute regarding this credit card agreement either when the card was issued or when it first became delinquent. The only reason Rhode Island law would potentially apply is because Plaintiff moved to Rhode Island, and Capital One sued her here, several years after her initial default. Accordingly, I find that Virginia is the forum with the most significant relationship to the event and

parties involved in this case and that its statute of limitations applied to the underlying collection action in issue.

### 2.    The Borrowing Statute

Alternatively, Plaintiff relies upon the Rhode Island borrowing statute, R.I. Gen. Laws § 9-1-18, for her position that Defendant's collection suit was time-barred.  The Rhode Island borrowing statute states in relevant part, "...no action shall be brought by any person upon a cause of action accruing outside this state which was barred by limitation or otherwise in the state, territory or country in which the cause of action arose while he or she resided in the state."  Plaintiff relies upon that general clause in support of her contention that Virginia procedural law must apply.

This Court has observed that "there is little case law interpreting this statute" but commented that "[the] statute by its language only requires the court to borrow or apply the limiting statute of a state other than Rhode Island if it bars the action which arose in the foreign state while the plaintiff resided there."  Pinkham v. Collyer Insulated Wire Co. Inc., No.  92-0426B, 1994 WL 385375 *19 (D.R.I. March 22, 1994).

Capital One is a Virginia resident and it was the actual plaintiff in the 2010 collection suit filed by Defendant.  In this case, the claim did not accrue or arise in Rhode Island because Plaintiff did not move to Rhode Island until after she was already delinquent.  In a nonpayment claim case, the claim accrues in the claimant's state of residence (here, Virginia) because that is where the economic injury is sustained.  Arneil v. Ramsey, 550 F.2d 774, 780 (2nd Cir. 1977) (to the extent plaintiff suffered a financial loss from their transaction, they suffered it where they resided).  Thus, since Capital One was harmed in Virginia, its claim accrued there.  Finally, in DePietro v. Tarter, 302 F.2d 611, 612 (1st Cir. 1962), the Court of Appeals for the First Circuit construed the last clause

of R.I. Gen. Laws § 9-1-18 as applying generally "to all causes of action arising in another state and there barred." Thus, Defendant's argument that the borrowing statute is only intended to protect Rhode Island residents when a nonresident defendant is not amenable to service is unsupported.

Although neither side has presented any case law applying the Rhode Island borrowing statute in analogous circumstances, the plain language of the statute and the case law discussed above are sufficient to convince me as to the statute's applicability. Thus, in addition to my recommendation that the interest-weighing approach mandates application of Virginia's limitations period to this dispute, that result is alternatively mandated by application of Rhode Island's borrowing statute.

### B.      Whether the Contract is Written or Unwritten

Although it is premature, for the reasons explained above, to determine whether the underlying credit card agreement constitutes a written or unwritten contract under Virginia law, that issue could potentially be case determinative if the District Court accepts this recommendation. If the contract is determined to be an unwritten one, then Virginia's three-year statute of limitations applies, and Plaintiff's claims would survive Defendant's present challenge since collection was time-barred when suit was filed in 2010. However, if the contract is determined to be a written one, then Virginia's five-year limitations period would apply and the 2010 Rhode Island Superior Court Collection case would not have been time-barred which negates the legal premise of Plaintiff's Class Action Complaint. Thus, I further recommend that the District Court establish a deadline for limited discovery on the written/unwritten issue and the filing of a further dispositive motion by Defendant on that issue under Rule 56, Fed. R. Civ. P.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss (Document No. 5) be DENIED.   Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 10, 2012