```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
TERI L. MARTIN,                     )
        Plaintiff,                  )
                                    )
   v.                               )   C.A. No. 11-484 S
                                    )
LAW OFFICES OF HOWARD               )
LEE SCHIFF, P.C.,                   )
        Defendant.                  )
_____ )
```

**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Plaintiff Teri L. Martin filed this class action lawsuit against the Law Offices of Howard Lee Schiff, P.C. (the "Defendant") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq.  Pending before this Court is an unopposed motion for summary judgment filed by Defendant.  For the reasons discussed herein, Defendant's motion for summary judgment is GRANTED.

I.  Facts[1]

In July 2006, Plaintiff completed an online application to Capital One Bank ("Capital One") for a credit account.  (Def.'s

---

[1] The factual history necessarily draws heavily on Defendant's version of events.  Specifically, it derives from Defendant's memorandum of law in support of its motion for summary judgment (ECF No. 19), and two other ancillary documents filed concurrently with the motion for summary judgment: (1) Defendant's statement of material facts (ECF No. 20) and (2) the declaration of Richard A. Napolitano, an agent of Capital One Bank (USA), N.A. (ECF No. 21).  Plaintiff has not opposed the motion for summary judgment and has not filed any objections with respect to the two ancillary documents.  As such, the Court deems Plaintiff to have admitted the contents of Defendant's statement of material facts.  (See LR Cv 56(a)(3).)

Statement of Material Facts ("SMF") ¶ 1, ECF No. 20.)  In doing so, Ms. Martin provided her electronic signature, acknowledging receipt of Capital One's customer agreement (the "Customer Agreement"), and agreeing to be bound by the terms contained therein.  (Id. at ¶¶ 2-3.)  The Customer Agreement included a governing law provision designating Virginia law as controlling.[2]  (Ex. C to Decl. of Richard A. Napolitano, ECF No. 21-3.)

Capital One approved Ms. Martin's application and sent her a credit card.  (SMF at ¶ 5.)  Leaving no doubt what was in her wallet, Ms. Martin accumulated a balance on the card of $22,285.65 between July and November 2006.  (Id. at ¶ 7.)  Her last payment posted to the account in October 2006, and this sizable balance remained outstanding.  (Id.)  Four years later, in October 2010, after receiving authorization from Capital One to do so, Defendant filed a collection suit against Ms. Martin

---

[2] The choice of law provision provides, in relevant part: "This Agreement is to be construed in accordance with and governed by the laws of the United States of America and by the internal laws of the Commonwealth of Virginia without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the laws of the United States of America or the internal laws of the Commonwealth of Virginia to the rights and duties of the parties."

on behalf of Capital One.  This suit was filed in state court in Rhode Island.[3]  (Id. at ¶ 8.)

In response, Plaintiff initiated this class action lawsuit against Defendant, alleging that the collection lawsuit against her had been knowingly commenced after the expiration of Virginia's three-year statute of limitations for oral agreements, thereby violating the FDCPA.  (See Compl., ECF No. 1.)  Defendant moved for dismissal, arguing that Rhode Island's ten-year statute of limitations applied.  (See Mot. to Dismiss, ECF No. 5.)

On December 10, 2012, United States Magistrate Judge Lincoln D. Almond issued a Report and Recommendation ("R&R") concluding that Virginia law controlled and recommending that Defendant's motion to dismiss be denied.  (ECF No. 9.)  This Court accepted Judge Almond's R&R in an Order dated February 7, 2013.  (ECF No. 16.)

Although concluding that resolution of the issue would have been premature at the time, Judge Almond aptly noted in his R&R that whether Capital One's Customer Agreement was a written or oral contract would be outcome determinative, given the fact that Virginia law provides for a three-year statute of limitations for oral contracts, but a five-year statute of

---

[3] Although Ms. Martin had been a resident of Oklahoma at the time that she completed the credit card application, she had subsequently relocated to Rhode Island and was living there at the time that Defendant filed its collection suit against her.

limitations for written contracts.[4] (See R&R 9.) Were the Customer Agreement to be deemed a written contract, Judge Almond noted, the collection lawsuit against Ms. Martin would have been timely filed, undermining her argument that Defendant had violated the FDCPA. (Id.) In accepting the R&R, this Court instructed Judge Almond to establish a deadline for limited discovery and the filing of a dispositive motion on the issue of whether the Customer Agreement constituted a written or unwritten contract under Virginia law. Thereafter, Defendant filed its motion for summary judgment, arguing that the Customer Agreement was a written contract and therefore subject to Virginia's five-year statute of limitations. (ECF No. 18.) Plaintiff did not respond.

II. Discussion

Summary judgment is appropriate when, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; see also Taylor v. Am. Chemistry Council, 576 F.3d 16, 24 (1st Cir. 2009).

---

[4] The applicable provision of Virginia law reads in relevant part as follows: "In actions on any contract which is not otherwise specified and which is in writing and signed by the party to be charged thereby, or his agent, [the action must be brought] within five years . . ." Va. Code Ann. § 8.01-246(2) (2013).

4

In the instant case, Plaintiff does not dispute Defendant's contention that the Customer Agreement was a written contract. Indeed, Ms. Martin's affixing of her electronic signature to the Customer Agreement and her simultaneous acceptance of its terms was not an oral agreement. Rather, it was memorialized in written, electronic form. (See Ex. A to Decl. of Richard A. Napolitano, ECF No. 21-1.)

The conclusion that the Customer Agreement was a written contract is further supported by the fact that Virginia has adopted the Uniform Electronic Transactions Act, permitting the use of electronic signatures in electronic transactions. See Va. Code Ann. §§ 59.1-480, 59.1-483 and 59.1-485. Consistent with this view, the Attorney General of the Commonwealth of Virginia issued an advisory opinion in 2011, stating in pertinent part:

> It is my opinion that the statute of limitations for written contracts applies to credit card agreements in the situation where the agreement consists of a series of documents, provided that at least one of the documents referencing and incorporating the others is signed by the cardholder, and also provided that the written documents evidencing the agreement contain all essential terms of the agreement.

Op. Att'y Gen. of the Commonwealth of Va. (Feb. 7, 2011). Finally, it should be noted that Virginia courts have taken the position that use of a credit card by the cardholder constitutes acceptance of the terms of an underlying cardholder agreement.

5

See, e.g., Bank of Va. v. Lenz, 8 Va. Cir. 407, *1 (Va. Cir. Ct. 1987).

III. Conclusion

For the reasons stated above, the Customer Agreement that Plaintiff signed electronically in July 2006 was a written contract subject to Virginia's five-year statute of limitations. The collection lawsuit filed by Defendant in October 2010 against Plaintiff was therefore commenced within the applicable statute of limitations, negating the legal premise underlying Plaintiff's FDCPA claim. Defendant's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  September 16, 2013